UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NINA O BLISS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-04-1255 |
| § | |
| HANCOCK FABRICS INC, § | |
| § | |
| Defendant. § | |

**OPINION**

Pending before the court is the Motion for Summary Judgment of Defendant Hancock Fabrics, Inc. (hereinafter "Hancock"). (Doc. 11-1.) Also pending is the Plaintiff, Nina Bliss' ("Bliss") Motion to Dismiss. (Doc. 13-1.)

I. **Legal Standard : Summary Judgment**

The movant seeking summary judgment must inform the court of the basis of his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material; i.e., only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 248, 256-57 (1986). The movant need not negate the opposing party's claims nor produce evidence showing the absence of a genuine issue of fact, but may rely on the absence of evidence to support essential elements of the opposing party's claims. *Celotex*, 477 U.S. at 323-25. However, "[o]n summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986) (citing *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). If it is evident that the party seeking summary judgment against one who bears the proof burden has no access to evidence of disproof, and ample time has been allowed for discovery, he should be permitted to rely upon the complete absence of proof of an essential element. *Fontenot v. Upjohn,* 780 F.2d at 1195. If the moving party fails to meet its initial burden, the motion must be denied, regardless of the non-movant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant meets his burden, the burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R.Civ. P. 56(c). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence, and specific facts showing that there is a genuine issue for trial. Fed. R.Civ. P. 56(e); *Anderson*, 477 U.S. at 256-57. The non-movant may point to evidentiary documents already in the record that set out specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Furthermore, the non-movant does not likewise have to present its own

evidence, but may point out genuine issues of fact extant in the summary judgment evidence produced by the movant, if any. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988).

"The mere existence of a 'scintilla' of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Furthermore, when the moving party has carried its burden under Rule 56(c), his opponent will not meet its burden by merely showing that there is "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, by "conclusory allegations," *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990), by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994). *Liquid Air*, 37 F.3d at 1075. The court does not, however, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*." *Id.* (citing *Lujan*, 497 U.S. at 888 (resolving actual disputes of material fact in favor of nonmoving party "is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint.... It will not do to 'presume' the missing facts because without them the affidavits would not establish the injury that they generally allege")); *See also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992) (because non-movant bore the burden of proof on the issue of 'adequacy,' movant was not required to show that warning was *not in*adequate, but can point to the absence of evidence.) Even if evidence exists in the record, the court is not required to search for it. Rather, the non-movant *must refer* to such evidence. *Skotak*, 953 F.2d at 915 & n. 7 (*emphasis added*).

1        Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence.  *Grimes v. Texas Dept. of Mental Health and Mental Retardation* , 102 F.3d 137, 139-40 (5th Cir. 1986); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825 (1992).  The non-movant cannot discharge its burden by offering vague allegations and legal conclusions.  *Lujan*, 497 U.S. at 889.

## II. Factual Setting & Analysis

1        **On February 6, 2004, Bliss filed an Original Petition in the 133**rd Judicial District of Harris County, Texas (Cause No. 2004-06340), a case subsequently removed to this court.  (Doc. 1., "Plaintiff's Original Petition.") In her Petition, Bliss brought causes of action for intentional infliction of emotional distress ("IIED"), negligent hiring, retention, and supervision of employees, and negligent security.  (*Id*.)  In a subsequent Motion to Dismiss (Doc. 13-1) filed by Bliss, she dismissed all of her claims except for her IIED claim.

2        Briefly, this is a work-related injury case wherein on February 22, 2002, Bliss was working as a store manager for Hancock at its 5867 Bissonett Street location, when one Lavera Elaine Caicedo ("Caicedo"), assaulted Bliss during an attempted robbery of Hancock.

3        Hancock asserts Texas workers' compensation benefits are an employee's exclusive  remedy for work related injury.  (Doc. 11-1, p. 3, citing Tex. Labor Code § 408.001.) *See Rodriguez v. Naylor Indus. Inc.*, 763 S.W.2d 411, 412 (Tex. 1989)  Hancock presents unrebutted evidence that the company was covered by workers' compensation insurance at the time of the accident, and that Bliss, in fact, received workers' compensation benefits.  (Doc. 11, Exh's B & C.)  An employee who receives workers' compensation benefits may not bring suit for

injuries caused by his employer's negligence, or even gross negligence. *Rodriguez*, 763 S.W.2d at 412. An exception to the negligence bar created by the workers' compensation system is the intentional conduct exception, which only applies when an employee is injured as a result of an employer's intentional tort. *Id*. Bliss must therefore establish that the injury caused her was intentional.

4   With respect to any potential intentional acts of Hancock, Hancock presents a no evidence summary judgment; Hancock argues there is no evidence that it intentionally acted to harm Bliss in any way. It cites the Bellaire Police Department Report which states that aggravated robbery was the cause of injury to Bliss. (Doc. 11, Exh. E.) And it asserts that no evidence exists that it employed the attacker, Caicedo, at the time of the incident or at any time. (Doc. 11, p. 4.) Hancock has submitted exhibits in support of its motion.

5   Bliss does not respond to Hancock's arguments regarding the absence of evidence of intentionality. Instead, Bliss makes general, conclusory references to the evidence, stating in a section entitled "Legal Argument" spanning approximately one-half to two-thirds of the page that, "Plaintiff's well pleaded claims for damages for intentional infliction of emotional distress, together with her supporting affidavit, require the defendant's motion for summary judgment on her claims for intentional infliction of emotional distress be denied." (Doc. 12-1, p. 2.) The court is not required to comb the record for evidence to support Plalintiff's claims. *Morrison v. Weyerhauser Co.*, CIVIL ACTION NO. H-03-1033, 2004 U.S. Dist. LEXIS 18751, at *12 (S.D. Tex. 2004) (citing *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district

court.")).

6        As Bliss has dismissed all of her causes of action, with exception of the one for intentional infliction of emotional distress ("IIED"), Bliss must meet the elements of this cause of action.  The elements of a claim for IIED in Texas are (1) intentional or reckless action by defendant; (2) that was extreme and outrageous; (3) that caused plaintiff emotional distress; (4) that was severe.  *Morrison*, 2004 U.S. Dist. LEXIS 18751, at *26 (citing *Texas Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 610, 45 Tex. Sup. Ct. J. 1245 (Tex 2002); *Twyman v. Twyman*, 855 S.W.2d 619, 621-22, 36 Tex. Sup. Ct. J. 827 (Tex. 1993); *Hughes Training Inc. v. Cook*, 254 F.3d 588, 594 (5th Cir. 2001).  Whether conduct is extreme and outrageous is initially a question of law for the court.  *Id.* (citing *Atkinson v. Denton Publishing Co.*, 84 F.3d 144, 151 (5th Cir. 1996)).  "In the employment context, Texas courts have found few incidents to constitute extreme and outrageous conduct.  *Walker v. Thompson*, 214 F.3d 615, 628 (5th Cir. 2000) (citing *Horton v. Montgomery Ward & Co.*, 827 S.W.2d 361, 369 (Tex.App.--San Antonio 1992, *writ denied*)).

7        Here, there is no evidence that Caicedo was an employee of Hancock, therefore, Bliss cannot assert a theory of respondeat superior.  Even if Caicedo had been an employee, the intentional tort exception would apply to Hancock only if the assailant had been, "by virtue of control or ownership, in effect the alter ego of the corporation," or where the corporate employer specifically authorized the assault.  *Urdiales v. Cocord Techs. Del., Inc.*, 120 S.W.3d 400, 406 (Tex. App. – Houston [14th Dist.] 2003, pet. denied) (citing *Medina v. Herrera*, 927 S.W.2d 597, 601, 39 Tex. Sup. Ct. J. 627 (Tex. 1996); 2A Larson, The Law of Workmen's Compensation, § 68.00, 68.21 (1990)).  Obviously, under the present state of the evidence, there

is no legal or logical connection supporting that Hancock had anything to do with Caicedo attacking Bliss. It is acknowledged in Texas that premises liability case law recognizes a business owner's duty to prevent forseeable criminal activity where physical injury is inflicted or property loss is involved. *Wyatt v. Kroger Co.*, 891 S.W.2d 749, 751-52 (Tex. App. – Fort Worth 1994, writ denied) (citing cases). An invitee who claims that a premises occupier negligently failed to prevent injury from the criminal act of a third person must prove the elements of a negligence cause of action. *Id*. The court in *Kroger* concluded that Texas law requires criminally inflicted physical injury or property loss before a claimant can seek mental anguish damages in a negligence claim against a business owner based upon third-party criminal conduct. *Id*. at 753. In the instant action, Bliss has dismissed her "negligent hiring, retention, and supervision of employees", and "negligent security" claims. (Doc. 13-1). Rather, the court is presently dealing with "intentional" acts which survive the workers' compensation negligence bar by causing emotional distress. In order for Hancock's failure to provide proper security to be the cause of Bliss' emotional distress, such a failure would have had to have been intentional and extreme and outrageous. The court can find no case law that supports such a fact pattern for recovery, and Bliss neither directs the court to any legal authority nor to any evidence in the record which evinces such an outrageous intentional failure to protect her safety so as to meet the elements of IIED. Bliss points to no evidence or argument for how Hancock's failure to provide proper security was, in fact, an outrageous act that was intended to cause her emotional distress. Therefore, the court will grant summary judgment against Plaintiff, Nina Bliss, on her sole remaining cause of action.

8           Accordingly, it is hereby **ORDERED** that Plaintiff, Nina Bliss' Motion to Dismiss

(Doc. 13-1) is **GRANTED**.

9     It is further **ORDERED** that the Motion for Summary Judgment of Defendant Hancock Fabrics, Inc. (Doc. 11-1) is **GRANTED**.

10    SIGNED at Houston, Texas, this 13th day of May, 2005.

11

_____
Melinda Harmon
United States District Judge